# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

STEVEN CRAIG FULTS,       )
                                  )
     Petitioner,          )       CASE NO. 3:09-0507
                                  )       JUDGE HAYNES
v.                         )
                                  )
JIM MORROW, Warden,    )
                                  )
     Respondent.        )

## M E M O R A N D U M

Before the Court is the Petitioner's motion for discovery (Docket Entry No. 30) seeking discovery about the victim and his parents, including the victim's school records, medical records, telephone records, any legal actions or claims related to the victim's psychological injuries. These discovery requests, if granted, would require an evidentiary hearing.

Rule 6(a) of the Rules Governing Section 2254 Actions provides a good cause standard for discovery.

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

In <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-909 (1997), the Supreme Court described the standard for good cause under Rule 6(a) as "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." (quoting <u>Harris v. Nelson</u>, 394 U.S. 286, 300 (1969)). <u>Accord</u> <u>Williams v. Bagley</u>, 380 F.3d 932, 974 (6th Cir. 2004).

1

In addition, the law in this Circuit as stated in <u>Stanford v. Parker</u>, 266 F.3d 442 (6th Cir. 2001) is that there is not an automatic right to discovery in a habeas action.

> Habeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6. <u>See</u> <u>Bracy v. Gramley</u>, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); <u>Byrd v. Collins</u>, 209 F.3d 486, 515-16 (6th Cir. 2000) . . . The burden of demonstrating the materiality of information requested is on the moving party. <u>See</u> <u>Murphy v. Johnson</u>, 205 F.3d 809, 813-15 (5th Cir. 2000).

> The district court applied the correct legal standard in light of the evidence and the state court proceedings. The discovery sought by Stanford would not resolve any factual disputes that could entitle him to relief, even if the facts were found in his favor. To the contrary, Stanford's requested discovery, when reviewed in light of the recently examined record, falls more in the category of a fishing expedition. We will not find that a district court erred by denying a fishing expedition masquerading as discovery.

<u>Id.</u> at 460.

Discovery requests must also be considered in the context of 28 U.S.C. § 2254(e) (1) on the presumptive correctness of state court finding.

> Because Petitioner failed to rebut the statutory presumption of correctness that the federal habeas court must award to the factual findings of the state courts, the district court properly concluded that it was required to defer to those factual findings. Furthermore, given this conclusion, we would be hard-pressed to say that the district court abused its discretion in denying further discovery on these issues.

<u>Byrd</u> 209 F.3d at 516. <u>See also</u> <u>Moen v. Czerniak</u>, No. Civ.02-10-JE, 2004 WL 1293920 at *1 (D. Or. June 10, 2004) ("Discovery under Rule 6 must be considered in light of the provisions of 28 U.S.C. 2254(e)(2) which limit the scope of federal habeas corpus review to the state court record except [in] certain specified circumstances. . .").

As to any evidentiary hearing, in the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Congress redefined the standards for conducting an evidentiary hearing in a habeas action:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that - (A) the claims relies on - (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254(e)(2).

In <u>Williams v. Taylor</u>, 529 U.S. 420 (2000), the Supreme Court explained that if the petitioner demonstrated diligence, then the inquiry ends, but if there is an issue of diligence the focus is on whether the petitioner or his counsel knew of the matters at issue and failed to pursue the matter:

> The question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts . . . Diligence for purposes of the opening clause [of Section 2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend, as the Commonwealth would have it, upon whether those efforts could have been successful.

> \*   \*   \*

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must to diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.

* * *

Given knowledge of the report's existence and potential importance, a diligent attorney would have done more. Counsel's failure to investigate these references in anything but a cursory manner triggers the opening clause of § 2254(e)(2).

As we hold there was a failure to develop the factual basis of this Brady claim in state court, we must determine if the requirements in the balance of § 2254(e)(2) are satisfied so that petitioner's failure is excused . . . upon a showing, by clear and convincing evidence, that no reasonable factfinder would have found petitioner guilty of capital murder but for the alleged constitutional error.

Id. at 435, 437, 439-440.

Independent of § 2254(e)(2), the Court also has the inherent authority to set an evidentiary hearing in a habeas action. Abdur'Rahman v. Bell, 226 F.3d 696, 705-06 (6th Cir. 2000). "[A] district court does have the inherent authority to order an evidentiary hearing even if the factors requiring an evidentiary hearing are absent." Id. at 705. Such hearings are set "to settle disputed issues of material fact." Id. at 706. Yet, "if [the court] concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, [the court] may, and ordinarily should accept the facts as found in the hearing, but [the court] need not. In every case [the court] has the power, constrained only by [its] sound discretion, to receive evidence bearing on the applicant's constitutional claim." Id. (quoting Townsend v. Sain, 372 U.S. 293, 318 (1963)). This authority extends to determine factual issues or if an inadequate record exist, on a procedural default controversy. Alcorn v. Smith, 781 F.2d 58, 60 (6th Cir. 1986).

Even prior to ADEA, a habeas petitioner had to show cause for his failure to develop the state record or that "a fundamental miscarriage of justice would result from failure to hold an evidentiary hearing," Keeney v. Tamayo-Reyes, 504 U.S. 1, 11-12 (1992). In a word, the

4

distinction between § 2254(e)(2) and the Court's inherent authority to order a hearing is "when a petitioner is entitled to a hearing [under § 2254(e)(2)] . . . versus whether a district court has the inherent authority to order a hearing [that] is still intact following Williams." Abdur'Rahman, 226 F.3d at 706. Evidentiary hearings have been held to be appropriately denied where the habeas petitioner "has not shown that his . . . claims would result in no reasonable factfinder finding him guilty of the underlying offenses . . . We therefore conclude that the district court did not abuse its discretion by declining to conduct an evidentiary hearing." Abdus-Samad v. Bell, 420 F.3d 614, 626-27 (6th Cir. 2005).

Moreover, the Supreme Court and the Sixth Circuit have observed that: "The state court is the appropriate forum for resolution of factual issues in the first instance, and creating incentives for the deferral of factfinding to later federal-court proceedings can only degrade the accuracy and efficiency of judicial proceedings." Keeney, 504 U.S. at 9. Accord Byrd v. Collins, 209 F.3d 486, 516-17 (6th Cir. 2000) (quoting Keeney, 504 U.S. at 9). More recently, the Supreme Court stated "[W]e have made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it". Holland v. Jackson, 542 U.S. 649, 652 (2004).

Here, Petitioner had a state post-conviction proceeding in which the subjects of the discovery sought here, were discussed and were known. See Fults v. State, 2009 WL 311461 at** 3-4, 7, 19 (Tenn. Crim. App. Jan. 9, 2009) and (Docket Entry No. 25, Respondent's Memorandum in support of Revived Motion to Dismiss at 13, 14, 16-18, 22-25). For Petitioner's state post-conviction hearing, Tenn. Code. Ann. § 40-30-109(b) granted him discovery rights as under Tenn. R. Crim. P. 16. Under the latter rule, "a party" can move for discovery and seek "other appropriate relief" upon a showing of "good cause." Tenn. R. Crim.

P. 16(d)(1). Petitioner had the opportunity in his state post-conviction proceeding to apply for this discovery and is not shown to have done so.

The Court concludes that Petitioner has not shown good cause for this discovery. Accordingly, Petitioner's motion for discovery should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the _20th_ day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Court